HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YUZHOU PENG,

    Plaintiff,

v.

MICROSOFT CORPORATION and
LENOVO GROUP,

    Defendant.

Case No. 2:19-cv-639- RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court *sua sponte*. For the reasons that follow, the Court DISMISSES the complaint with leave to amend and denies the pending motions for default judgment as moot.

## II. BACKGROUND

On November 2, 2018, Yuzhou Peng filed the Complaint in the federal district court for the Southern District of New York. Dkt. # 2. The Complaint appears to allege Defendants Microsoft Corporation ("Microsoft") and Lenovo Group ("Lenovo") infringed Peng's rights in a particular Chinese patent for a keyboard layout. *Id*. After Peng filed six amended complaints and a request to proceed *in forma pauperis*, the New York court sua sponte transferred the lawsuit to this district. Dkt. # 12. Magistrate Judge Theiler recommended that the Court deny Peng *in forma pauperis* status and screen the lawsuit under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 22. Peng paid the filing fee and filed another

ORDER – 1

complaint June 17, 2019. Dkt. # 25. On June 24, 2019, Peng filed a "Proof of Summons Service," explaining he had "served" Microsoft at the email address msft@microsoft.com and Lenovo at ir@lenovo.com. Dkt. # 29. Peng moved for default judgment claiming that he also mailed a copy of the complaint and summons to the Defendants which he claimed was received by each on July 8, 2019. Dkt. ## 31, 35. Peng claims that Microsoft and Lenovo are infringing on several of his Chinese patents for computer keyboards. Dkt. # 25.

## III. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds

ORDER – 2

*pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Even though a Plaintiff pays the filing fee, the Court may consider an action for dismissal under 28 U.S.C. § 1915. As is clear from the complaint, Peng fails to allege sufficient facts upon which relief could be granted. None of the treaties to which the United States is a party contemplate or allow U.S. courts to adjudicate the patents of a foreign country. *See Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007) ("[A] patent right to exclude only arises from the legal right granted and recognized by the sovereign within whose territory the right is located"). Peng also fails to state facts sufficient to demonstrate any cause of action under U.S. patent or copyright law. Because leave to amend must be granted with extreme liberality, Peng shall have fourteen days to amend.

## IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the complaint with leave to amend and denies the pending motions for default judgment as moot. Dkt. ## 31, 35.

DATED this 25th day of November, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3