HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YUZHOU PENG,

    Plaintiff,

v.

MICROSOFT CORPORATION and
LENOVO GROUP,

    Defendant.

Case No. 2:19-cv-639-RAJ

ORDER

On November 11, 2018, the Court dismissed Plaintiff's complaint, but permitted Plaintiff fourteen (14) days from the date of the Court's Order to file an amended complaint addressing the deficiencies set forth in the Court's November 11th Order. On December 7, 2019, Plaintiff filed two copies of an objection to the Court's November 11th Order, which the Court construes as a motion for reconsideration, and an amended complaint which largely mirrors his first complaint. Dkt. ## 37, 38, 39.

Peng claims that the Court's denial of his motion for default judgment and dismissal

ORDER – 1

of his complaint was fraudulent and was otherwise improper. Dkt. ## 37, 38. Notwithstanding several pages in his Complaint plainly referring to Chinese patent applications for certain keyboards, s*ee* Dkt. # 25 at 10-20, Plaintiff argues this Court fraudulently construed his complaint as one for patent infringement, not copyright infringement. Dkt. # 38 at 32-33. These same patent applications allegedly support Plaintiff's claims of copyright infringement under U.S. law.

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. *See* LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id*. Under the Copyright Act of 1976, as amended, copyright protection attaches to "original works of authorship"—prominent among them, literary, musical, and dramatic works—"fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Both versions of Plaintiff's complaint fail to set forth facts supporting his claim that his purported keyboards are entitled to protection under the Copyright Act or that he is otherwise entitled to relief thereunder. The Court came to this conclusion in the underlying order. Dkt. # 36 at 3 ("Peng also fails to state facts sufficient to demonstrate any cause of action under U.S. patent or copyright law."). Finding no manifest error in the prior ruling, or new facts or authority to the contrary, the Court **DENIES** Plaintiff's motion for reconsideration.

Plaintiff's amended complaint, given its minimal edits, fails for the reasons already set forth. And as stated in the November 11th Order, even where a plaintiff pays the filing fee, the Court may consider an action for dismissal under 28 U.S.C. § 1915. In this case, Plaintiff has made it abundantly clear that he is seeking relief under the Copyright Act. Therefore, the Court is satisfied that no amendment could cure the complaint's deficiencies. *Klamath–Lake Pharm. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.1983) (stating that "futile amendment should not be permitted"). Accordingly, the

ORDER – 2

amended complaint is dismissed with prejudice and the clerk is ordered to close the case.

DATED this 7th day of February, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3